# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| GARY FOY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:18-CV-276 (MTT) ) |
| HEATHER WILSON, Secretary, Department of the Air Force | ) ) ) |
| Defendant. | ) ) |

## ORDER

More than ninety days after filing his complaint, Plaintiff Gary Foy perfected service on Defendant Heather Wilson, Secretary of the Air Force, sued in her official capacity, by delivering copies of the summons and complaint to the United States Attorney for the Middle District of Georgia and sending copies by certified and registered mail. Docs. 1; 5; 24-4. Wilson then moved to dismiss for failure to state a claim. Doc. 14. For the following reasons, the motion (Doc. 14) is **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND[1]

The facts, as alleged in the complaint, are short and simple. Foy, a black male over the age of forty, has been employed by the United States Air Force since 1987. Doc. 1 ¶¶ 1, 5. In 2015, Foy worked as a Technical Data Engineering Supervisor. *Id.* ¶ 8. That same year, he applied and interviewed for the position of Supervisory Systems

---

[1] The allegations in the complaint are accepted as true and construed in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Engineer but was not selected despite his qualifications for the role. *Id.* ¶¶ 7, 10, 23, 33. The selecting official "returned the certification unfilled, refusing to fill the position." *Id.* ¶ 11. After returning the position unfilled, a white male—whose age relative to Foy's was not alleged in the complaint—was offered the position. *Id.* ¶ 20. Believing that he was not selected because of his race and age, Foy filed a complaint with the Air Force's Equal Employment Opportunity Program ("EEO"). *Id.* ¶¶ 12, 17. After filing his EEO complaint, a black woman over the age of forty, who was an Air Force employee and had never applied for the position, was re-assigned to the position "to mitigate the EEOC [sic] complaint" despite lacking the qualifications for the role. *Id.* ¶¶ 13, 21, 22, 28, 30.

The procedural history of this case, on the other hand, is long and cluttered. More than 180 days after filing his complaint with the EEO and having not received a final decision, Foy filed his complaint in this Court on July 26, 2018 against Wilson in her official capacity alleging race and age discrimination. *Id.* ¶¶ 3, 42. Less than thirty days after filing his complaint, Foy sent a copy of the summons and of the complaint by certified mail to Wilson and the United States Attorney General in Washington, D.C. Doc. 4-1; *see also* Doc. 1. Foy did not deliver a copy or summons of the complaint to the United States Attorney for the Middle District of Georgia or send copies by certified or registered mail within ninety days of filing his complaint.

On January 30, 2019, more than six months after Foy filed his complaint, the Court ordered Foy to show cause why his case should not be dismissed without prejudice for failure to properly and timely serve the U.S. Attorney pursuant to Federal Rule of Civil Procedure 4(m). Doc. 5. That same day, Foy responded to the Court's

order stating, incorrectly, that he had properly served Wilson in accordance with Rule 4 and filed a motion for default judgment. Docs. 6; 7. The Clerk declined to enter default because Foy had not served the U.S. Attorney by delivering a copy of the summons and complaint or sending copies by certified or registered mail. Docs. 11; 12. On February 6 and 15, respectively, Foy served the U.S. Attorney by delivering copies of the summons and complaint to the U.S. Attorney's office and sending copies by certified mail. Docs. 24-3; 24-4. He did not, however, respond further to the Court's show cause order.

On April 8, Wilson moved to dismiss Foy's complaint with prejudice for failing to state a claim upon which relief could be granted. Doc. 14. The following day, the Court ordered Foy to respond to its January 30 show cause order. Doc. 15. On May 7, Foy responded to the order and Wilson's motion. Doc. 24. For the first time in her reply, Wilson moved to dismiss Foy's complaint for failure to timely serve the U.S. Attorney. Doc. 26 at 1 n.1.

## II. DISCUSSION

### A. Failure to Timely Serve

Rule 4(i)(2) states that "[t]o serve a . . . United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer[] or employee." To serve the United States, a party must (1) send a copy of the summons and of the complaint by registered or certified mail to the United States Attorney General and (2) deliver or send a copy of the summons and of the complaint by registered or certified mail to the U.S. Attorney for the district where the action is

brought.  Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii), 4(i)(1)(B).  A party must properly serve the United States and the officer or employee with a summons and complaint within ninety days after the complaint is filed.  Fed. R. Civ. P. 4(m).

Foy stated in his complaint that he is suing Wilson in her official capacity only, and Rule 4(i)(2) thus applies.  Doc. 1 ¶ 3.  Foy timely sent a copy of the summons and of the complaint by certified mail to Wilson and to the Attorney General, thus partially complying with Rule 4(i)(2).  Doc. 4-1; *see also* Doc. 1.  However, Foy did not deliver a copy of the summons and complaint or send copies by registered or certified mail to the U.S. Attorney for the Middle District of Georgia—the district in which he brought his action—within ninety days of filing his complaint.  Docs. 4; 24-4.  Instead, Foy sent "courtesy copies" of the summons and complaint to the U.S. Attorney by first class mail.[2]  Doc. 4.  After the Clerk denied his application for default and the Court ordered him to show cause why his case should not be dismissed for failure to timely serve the U.S. Attorney, Foy properly served the U.S. Attorney—nearly seven months after filing his complaint.  Docs. 1; 5; 9; 10; 11.

Rule 4(m) states that if a defendant is not timely served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified period of time."  Rule 4(m) also states that the Court must extend the time for service, but only upon a showing of good cause for the plaintiff's delay.  Good cause is shown when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence,

---

[2] "A defendant's actual notice is not sufficient to cure defectively executed service."  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

4

prevented service. *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991) (citation omitted). If good cause is not shown, the Court must dismiss the action. *Schnabel v. Wells*, 922 F.2d 726, 728 (11th Cir. 1991).

Although aware that his initial response to the Court's show cause order was wrong (the Clerk having informed his lawyer that he had not properly served Wilson), Foy did not respond further to the show cause order until May 7 and then only after the Court ordered him to do so. Docs. 5; 7; 9; 10; 11; 12; 15; 24. In that response, Foy states he properly and timely served the Attorney General on August 6, 2018; the Government shut down from December 22 until January 25; and he perfected service on the U.S. Attorney on February 6, which he argues was a "reasonable time, since the Attorney General was properly served on August 6, 2018." Doc. 24 at 3. However, Foy fails to explain why he did not perfect service on the U.S. Attorney within ninety days of filing his complaint, or by October 24, which was nearly two months before the Government shut down. *See generally id.* Accordingly, the Court finds that Foy has failed to show good cause.

Notwithstanding Foy's failure to show good cause, for limited situations such as this where a party sues a U.S. officer in her official capacity, Rule 4(i)(4)(A) applies. Rule 4(i)(4)(A) states that the Court must allow the plaintiff reasonable time to cure its failure to "serve a person required to be served under Rule 4(i)(2), if the [plaintiff] has served either the United States attorney or the Attorney General of the United States[.]" After the Court entered its show cause order, Foy served the U.S. Attorney within a week. Docs. 24-1; 24-3; 24-4. The Court, perhaps generously, finds this to be reasonable time to cure his failure to serve the U.S. Attorney once he received notice of

5

what Rule 4 plainly requires. *See* Fed. R. Civ. P. 4(i) advisory committee's note to 2000 amendment ("A reasonable time to effect service on the United States must be allowed after the failure is pointed out."). Accordingly, the Court will not dismiss Foy's complaint for failure to timely serve Wilson in her official capacity and his failure to show good cause for his untimeliness. *See Payne v. United States*, 181 F.R.D. 676, 679-80 (M.D. Fla. 1998) (holding that it would not dismiss the plaintiff's complaint for failing to timely serve the Attorney General and failing to show good cause for his untimeliness because the plaintiff timely served the U.S. Attorney).

**B. Motion to Dismiss**

Foy's complaint alleges a racial discrimination failure-to-hire claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and an age discrimination claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623. Doc. 1 ¶ 36. In her motion to dismiss, Wilson argues Foy has (1) failed to allege a *prima facie* case of race discrimination; (2) failed to allege enough factual matter to plausibly suggest intentional discrimination based on race; and (3) failed to allege a *prima facie* case of age discrimination. Doc. 14-1 at 3, 6-7.

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing Fed. R. Civ.

6

P. 12(b)(6)). "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.,* 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

A Title VII and ADEA complaint need not allege facts sufficient to make out a classic *prima facie* case pursuant to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); it "must simply provide enough factual matter to plausibly suggest intentional discrimination." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017) *cert. denied*, 138 S. Ct. 557 (2017) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)); *Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 642 (11th Cir. 2018) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). The *McDonnell Douglas* standard is an evidentiary standard used at the summary judgment

stage to analyze whether the plaintiff has established a *prima facie* case. *Surtain*, 789 F.3d at 1245 (citing *Swierkiewicz*, 534 U.S. at 510). The *Iqbal/Twombly* standard, on the other hand, is a pleading standard used when analyzing a motion to dismiss. *Id.* However, a complaint cannot only present "the mere possibility" of employment discrimination; it must "plausibly suggest" intentional discrimination to avoid dismissal. *Id.* at 1246.

Because employment discrimination cases can be proved by the *McDonnell Douglas* burden-shifting test or by direct evidence,[3] a plaintiff is not limited to pleading facts that fall exclusively into one of these methods.[4] Rather, the question is whether the alleged facts plausibly create a reasonable inference of intentional discrimination. *Evans*, 850 F.3d at 1253. To suggest intentional discrimination, the alleged facts must demonstrate that race played some role in the disparate treatment of the plaintiff. *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 396 (11th Cir. 2012). Thus, a plaintiff may allege an employment discrimination claim by alleging facts that (1) create an inference of discrimination under *McDonnell Douglas*; (2) directly show a discriminatory purpose; or (3) a combination of the two.

Direct evidence is "evidence, which if believed, proves the existence of the fact in issue without inference or presumption." *Taylor v. Runyon*, 175 F.3d 861, 867 (11th Cir. 1999) (internal quotation marks, alterations, and citation omitted); *see also Carter v.*

---

[3] A plaintiff may also prove her case by presenting "a convincing mosaic of circumstantial evidence that would allow a jury to infer intentional discrimination by the decisionmaker." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (internal quotation marks and citations omitted).

[4] That said, in most cases a plaintiff likely will find it easier to successfully plead a discrimination claim by alleging a *prima facie* case, thus creating an inference of intentional discrimination based on circumstantial evidence.

*Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998) ("Direct evidence, by definition, is evidence that does not require . . . an inferential leap between fact and conclusion."). Under Eleventh Circuit precedent, "only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (internal quotation marks and citations omitted). In contrast, "circumstantial evidence only suggests, but does not prove, a discriminatory motive. . . ." *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 921-22 (11th Cir. 2018) (internal quotation marks, alterations, and citations omitted). Here, the parties do not address whether Foy has alleged facts constituting direct evidence of race and age discrimination. *See generally* Docs. 14-1; 24; 26. Instead, they discuss whether Foy's allegations show circumstantial evidence of such discrimination. *See generally* Docs. 14-1; 24; 26.

**1. Race Discrimination Claim**

In her motion to dismiss Foy's race discrimination claim, Wilson first argues that Foy has failed to allege: "(1) he was a member of a protected class; (2) he applied and was qualified for a position for which the defendant was accepting applications; (3) despite his qualifications, he was not hired; and (4) after his rejection the position remained open or was filled by a person outside his protected class." Doc. 14-1 at 3 (internal quotation marks and citations omitted). Again, pleading a *prima facie* case is not the only way a plaintiff can withstand a motion to dismiss. *Surtain*, 789 F.3d at 1244 n.3. Wilson acknowledges that and later argues the complaint fails to provide enough

9

factual matter to plausibly suggest intentional discrimination. Doc. 14-1 at 3, 5-6; *Evans*, 850 F.3d at 1253. The Court disagrees.

Foy alleges that he is black and thus a member of a protected class; he applied and interviewed for a job for which he was qualified, citing qualifications such as having attended Air War College and having years of experience working in the Corrosion Prevention and Control Office; an unqualified white male was chosen for the position; and after Foy filed his EEO complaint, an African-American female, who had not applied for the job, was reassigned to the position to "mitigate" Foy's complaint. Doc. 1 ¶¶ 1, 7, 9, 10, 11, 12, 17, 19, 20, 21, 22, 30. The Court finds that these facts sufficiently allege that race played some role in the Air Force's decision. A white male was originally chosen for the position. Then, according to Foy, the Air Force put a black female in the position after he filed his EEO complaint to "mitigate" his complaint. Foy has thus pleaded sufficient facts to plausibly suggest intentional race discrimination. Accordingly, Wilson's motion to dismiss Foy's race discrimination claim is **DENIED**.

### 2. Age Discrimination Claim

To state a failure-to-hire age discrimination claim, Wilson only argues Foy must allege a *prima facie* case—that (1) he is over the age of forty; (2) he was subjected to adverse employment action; (3) his employer treated younger applicants more favorably; and (4) he was qualified to do the job. Doc. 14-1 at 6-8 (citations omitted). Once again, pleading a *prima facie* case is not the only way to plead successfully a discrimination claim. *See Buchanan*, 727 F. App'x at 642 (citing *Swierkiewicz*, 534 U.S. at 510). Because Foy does not allege a *prima facie* case, the Court must determine

whether he has otherwise alleged facts to plausibly suggest intentional discrimination based on age.  *See id.*

Foy alleges that he is over forty years old and is thus protected by the ADEA; he applied and interviewed for a job for which he was qualified, citing qualifications such as having attended Air War College and having years of experience working in the Corrosion Prevention and Control Office; he was not selected for the job because of his age; an unqualified white male, whose age is not alleged, received the job; after filing his EEO complaint, the Air Force replaced the white male with a black female over the age of forty, but her age relative to Foy's is unknown; and this replacement was done to "mitigate" Foy's EEO complaint.  Doc. 1 ¶¶ 7, 10, 12-14, 20-22, 30.  These alleged facts provide no basis for the Court to reasonably infer that the Air Force treated other applicants more favorably than Foy because of his age.[5]  His conclusory allegation that the white male was originally chosen because of his age fails to provide any reasonable inference of an ADEA violation, and he has thus failed to state a claim of age discrimination that is plausible on its face or that rises above the speculative level.  Accordingly, Foy's age discrimination claim is **DISMISSED with prejudice**.

### III.  CONCLUSION

For the foregoing reasons, Wilsons' motion to dismiss (Doc. 14) is **GRANTED in part** and **DENIED in part**.  Foy's age discrimination claim is **DISMISSED with**

---

[5] The ADEA's language does not ban discrimination against employees because they are over forty; it only bans discrimination against employees because of their age.  *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311 (1996).  "The fact that one person in the protected class has lost out to another person in the protected class is thus irrelevant, so long as he has lost out *because of his age*."  *Id.* (emphasis in original).  In other words, a plaintiff need not allege that the person who was offered the position was under the age of forty, *i.e.* outside the protected class.  Instead, the plaintiff must simply allege that the person was younger than the plaintiff.

**prejudice**. Foy's race discrimination claim may proceed despite his failure to timely serve the U.S. Attorney and failure to show good cause for his untimeliness.

**SO ORDERED**, this 6th day of August, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
